UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL AND MELVIN ANDERSON | CIVIL ACTION |
| VERSUS | NO. 08-3861 |
| THE PEP BOYS-MANNY, MOE, AND<br>JACK, INC. D/B/A THE PEP BOYS | SECTION "N"  (5) |

# **ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion to Remand and for Attorneys Fees and Expenses (Rec. Doc. 13)**. The motion is opposed by Defendant The Pep Boys-Many, Moe, Jack, Inc. ("Pep Boys"). After considering the memoranda filed by the parties and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

This is a slip-and-fall case in which Plaintiff Cheryl Anderson alleges that she slipped in water on the floor of Defendant's store, causing injury to her knee. Anderson and her husband seek damages for lost wages, pain and suffering, medical expenses, and loss of consortium. On July 2, 2008, the case was removed to this Court from the Civil District Court in the Parish of Orleans, Louisiana. Plaintiffs now move to remand the case to the state court, claiming that the amount in controversy does not exceed $75,000.00.

1

## II. ANALYSIS

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the Court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F.Supp. 85, 87 (E.D. La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen*, 63 F.3d at 1335.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount. This burden can be met by: (1) showing state procedural rules binding a plaintiff to his pleadings; or (2) filing a

binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Based upon a review solely of the allegations in the state court petition in this matter, it is not "facially apparent" that Plaintiffs' claim exceeds $75,000.00, exclusive of interest and costs.[1] Since Plaintiffs are not permitted to claim a specific monetary amount of damages in their petition and there is no discussion of the extent of Anderson's injuries, the petition provides little guidance as to the value of the instant claim. Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court is permitted to consider any summary judgment-type evidence submitted by Defendant as to the amount in controversy as of the time of removal. Defendant attaches several pages of Anderson's deposition to its Opposition to the motion, but it is not entirely clear how these pages support Defendant's argument. The only fact this testimony establishes is that Anderson's doctor believed she needed surgery on her knee, which has never been in dispute. There is no discussion of the likely or actual *cost* of Anderson's past or future medical expenses or lost wages, and the deposition transcript cuts off just as Anderson begins to rate the extent of her pain, which might shed light on her claim for pain and suffering. There is no discussion at all of the extent of her husband's loss of consortium claim. In fact, to a certain extent these pages tend to *minimize* Anderson's damages, since she admits several times that she does not plan to get the recommended surgery, which may reduce her past and future medical expenses and may also bear on her failure to mitigate damages. The fact that Anderson's doctor has recommended surgery does not, in itself, establish that the claim

---

[1] It is undisputed that the two parties are citizens of different states, satisfying the second prong of the test for diversity jurisdiction.

exceeds $75,000.00, even in a day of spiraling health care costs. All in all, Defendant has utterly failed to present any evidence in support of the appropriateness of removal, and accordingly Plaintiffs' motion is granted to that extent.

However, the Court will deny the motion to the extent it seeks attorneys' fees and costs. While the propriety of the defendant's removal is central in determining whether to award fees, *see Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993), it is nonetheless not the case that "Congress intended for routine imposition of attorney's fees against the removing party when the party properly removed." *Id.* at 928. Though the Court has determined that the removal was improper, there is nothing in the record to suggest that Defendant acted in bad faith or negligently. The Court notes that since this case was removed ten months ago, Plaintiffs participated in a scheduling conference and engaged in discovery, all without objection to this Court's jurisdiction, suggesting that the removal was not, at the time, as obviously improper as Plaintiffs suggest. Accordingly, to the extent it seeks attorneys' fees and costs, the motion is denied.

### III. CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it seeks remand to state court. The case is hereby **REMANDED** to the Civil District Court for the Parish of Orleans. The motion is **DENIED** to the extent it seeks attorneys' fees and costs.

New Orleans, Louisiana, this 6th day of May, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**